UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ICALL, INC., a Delaware-incorporated Corporation Licensed to do Business in California,

Plaintiff,

vs.

JULIAN CAIN and ORCHID SEED, LLC, a California Limited Liability Company,

Defendants.

Case No.: SACV 11-00895 JVS (ANx)

[PROPOSED] ORDER GRANTING PERMANENT INJUNCTION AND IMPOUNDMENT ORDER

**ORDER**

Pursuant to the evidence submitted in support of plaintiff's Motion for Entry of Default Judgment pursuant to F.R.Civ.P. 65(d), the Court makes the following findings warranting issuance of a permanent injunction and an impoundment order pursuant to F.R.Civ.P. 65(f), authorizing the seizure of infringing computer software code and computers and other digital storage devices where copies of that code are reasonably likely to have been stored. The findings set forth herein shall further serve as a declaration of rights pursuant to 28 U.S.C. § 2201, and all orders made hereunder shall be deemed made pursuant to 28 U.S.C. § 2202.

1. The parties to this action are plaintiff iCall, Inc. ("iCall" or "Plaintiff"), a corporation incorporated in Delaware and headquartered in Texas, and defendants

Julian Cain, aka Ashley Julian Cain, Ashley J. Cain ("Cain" or "Defendant Cain"), a resident of Georgia and Orchid Seed LLC, a California corporation ("Orchid Seed") or jointly ("Defendants").

2. Defendants, having been duly served with the initiating process commencing this action, have failed to plead or otherwise respond, and their failure to plead or otherwise respond does not appear to be the result of excusable neglect.
3. This Court has federal subject matter jurisdiction of this dispute under 28 U.S.C. § 1338(a) because the action arises under the copyright laws of the United States.
4. This Court has diversity jurisdiction under 28 U.S.C. § 1332.
5. iCall operates a Voice-over Internet Protocol calling service that provides free and paid telephone service to individuals and enterprises using software that was written as a collective work by Arlo Gilbert and Andy Muldowney.
6. Cain entered into a Work-for-Hire Agreement with iCall on or about October 14, 2011, pursuant to which Cain was engaged to create "a platform-independent C++ library to interconnect with Skype that will be functional in Linux in its first iteration, and suitable for back-porting to other platforms." Referred to as the "Product" in the Work-for-Hire Agreement, this computer software code is referred to as the "iCOPP code" hereinbelow.
7. Cain undertook to write the iCOPP code as a specially commissioned supplementary work and contribution to a collective work, to wit, the pre-existing software code authored by Arlo Gilbert and Andy Muldowney.
8. The Work-for-Hire Agreement is a written agreement.
9. Based on Findings 5 – 8 above, it is further found and determined as a matter of law that the iCOPP code was created as a work-for-hire within the statutory meaning of 17 U.S.C. § 101; wherefore, iCall is the author and sole owner of the copyright in the iCOPP code, entitled to sole possession, use, control and authority over all copies of the iCOPP code and derivative versions thereof.

10. Pursuant to the Work-for-Hire Agreement, iCall is entitled to possession of all copies of the iCOPP code and any derivative versions, subroutines, libraries, logins, passwords and other software features required to assure the proper operation of the iCOPP code.

11. Cain delivered an incomplete version of the iCOPP code to iCall before cutting off all contact with iCall and making himself unavailable for any communications.

12. iCall registered the copyright in the iCOPP code, and was issued United States Registered Copyright TXu 1-739-380 by the Register of Copyrights.

13. iCall has standing to sue for infringement of its copyright in the iCOPP code.

14. Cain has made unauthorized copies of the iCOPP code.

15. Cain is in possession of computers and other electronic storage media that have been used to make and store infringing copies of the iCOPP code.

16. iCall is entitled to an injunction to prevent further infringing copying of the iCOPP code pursuant to 17 U.S.C. § 502(a). Pursuant to 17 U.S.C. § 502(b), such an injunction may be served anywhere in the United States on the Defendants, shall be operative throughout the United States, and shall by enforceable by proceedings, in contempt or otherwise, by any United States court having jurisdiction of Defendants.

17. Cain's conduct has created a serious risk that he may destroy and/or conceal the iCOPP code in order to evade the effect of this Court's orders.

18. Even if Cain complies with the order to deliver the iCOPP code, it will not avoid the risk of irreparable harm to iCall, because if Cain were permitted to retain copies of the iCOPP code, he could sell, distribute or disclose the code to third parties without iCall's knowledge. iCall would be at a severe disadvantage in attempting to discover such infringement.

19. Because of the unavoidable risk of irreparable harm occasioned by leaving Cain in possession of any copies of the iCOPP code, iCall is entitled to an impoundment

order to seize all copies of the iCOPP code and the instrumentalities of copying and distributing it, and any records documenting the manufacture, sale or receipt of the iCOPP code, pursuant to the impoundment statute, 17 U.S.C. § 503, specifically, subsections (a)(1)(A) – (C).

20. There is a reasonable likelihood that Cain is in possession of records that will disclose which of iCall's competitors he has communicated with. In order to end the threat of secret infringement, and avoid the risk that innocent third parties might be lead into infringing by Cain's transferring the iCOPP code to them, Cain's records should be impounded. Accordingly, the Court will issue an impoundment order subject to the restrictions set forth below and iCall's posting of a bond, as hereinafter provided, to secure its adherence to those restrictions.

21. Pursuant to the pertinent subsection of the impoundment statute, 17 U.S.C. § 503(a)(1)(C), "records documenting the manufacture, sale, or receipt of things involved in any such violation," may only be impounded if provision is made "that any records seized under this paragraph [are] taken into the custody of the court," and subjected to "protective order … to ensure that confidential, private, proprietary, or privileged information contained in such records is not improperly disclosed or used." 17 U.S.C. § 503(a)(2).

22. Pursuant to the Work-for-Hire Agreement, Cain was required to deliver the iCOPP code and all confidential matter in his possession to iCall and to retain no copies thereof in his possession.

23. The iCOPP code is trade-secret protected material as defined by Cal. Civil Code § 3426.1 because it derives independent economic value from not being reasonably known, and iCall made reasonable efforts to protect its secrecy.

24. Cain misappropriated the iCOPP code by keeping it for his own use and offering to deliver and/or sell it to iCall's competitors.

25. iCall is entitled to an injunction restraining Cain from continuing to wrongfully withhold the misappropriated iCOPP code or from offering to disclose or disclosing it to others, pursuant to Cal. Civil Code § 3426.2(a).
26. iCall is entitled to return of the iCOPP code and any derivative versions, subroutines, libraries, logins, passwords and other software features required to assure the proper operation of the iCOPP code as trade secret information subject to protection via injunction pursuant to Cal. Civil Code § 3426.2(c).
27. Cain's conduct in violation of iCall's trade secret rights is actionable under Cal. Business & Professions Code § 17200, and enjoinable pursuant to § 17203.
28. iCall faces the risk of irreparable harm from the loss of a unique software asset, to wit, the iCOPP code, that would aid it to expand its sphere of business operations, and that it will be unable to obtain from another source if Cain is not required to relinquish possession of it.
29. iCall's damages from loss of the iCOPP code will be substantial, and difficult or impossible to quantify.
30. Cain and Orchid Seed LLC may be in possession of ill-gotten gains derived from the sale of the iCOPP code to third parties, and such ill-gotten gains, if any, will be subjected to constructive trust for the benefit of iCall upon further application and proof.
31. The equities in this dispute favor granting injunctive relief to iCall.
32. The public interest in encouraging honest business dealing will be furthered by granting injunctive relief to iCall.
33. The risk of prejudice to Cain can be limited by iCall's compliance with the requirements of this Order.
34. A bond of $ 5,000 in the form of a cashier's check payable to the order of this Court, deposited with the Clerk of Court, is deemed sufficient to secure iCall's performance of the terms of this Order.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendants and all persons acting in concert with them are ENJOINED pursuant to 17 U.S.C. § 503, from infringing Plaintiff's copyright in the iCOPP code, United States Registered Copyright TXu 1-739-380, including any derivative versions thereof (herein the "iCOPP code") by copying, reproducing, displaying, operating, offering to sell or license, or transferring the iCOPP code to any person or entity other than Plaintiff.
2. Defendants are ENJOINED from displaying, delivering, or disclosing the content or manner of operation of the iCOPP code to any person or entity other than Plaintiff.
3. Defendants are ORDERED to deliver to Plaintiff forthwith all copies of the iCOPP code in their possession, custody or control.
4. Defendants are ORDERED to deliver to Plaintiff forthwith all subroutines, libraries, and all other software code that Defendant Cain has in his possession that falls within the specification of the Product as defined in Paragraph 1(a) of the Agreement, to wit, "a platform-independent C++ library to interconnect with Skype that will be functional in Linux in its first iteration, and suitable for back-porting to other platforms."
5. Defendants are ORDERED to deliver to Plaintiff forthwith all computers and portable or detachable hard-drives, USB drives or any other electronic storage media in Defendants's possession, custody, or control and used by Defendant Cain since October 21, 2010, including but not limited to any computer or portable or detachable hard drive, USB drive, or any other digital storage media.
6. Plaintiff is ORDERED to copy all digital data using the forensic imaging process from Defendants's computers and portable or detachable hard-drives, USB drives and other electronic storage media and lodge the digital copies with this Court for further disposition. All such information shall be subject to protective order as

follows: Plaintiff shall not access or review any of the data copied from Defendants's computers and portable or detachable hard-drives, USB drives and other electronic storage media until further order of this Court issued upon noticed motion duly served on Defendants.

7. Plaintiff is ORDERED to impound all Defendants's computers and portable or detachable hard-drives, USB drives or any other electronic storage media in Defendant's possession, custody, or control pursuant to 17 U.S.C. § 503(a)(1)(A) – (B), placing the same in a secure storage location in this judicial District in sealed evidence containers, and to submit a certificate under oath regarding the storage of all such items of property.

8. Plaintiff shall deposit with this Court the amount of $ 5,000 to serve as a bond to ensure the performance of the terms of this Order.

SERVICE OF THIS ORDER SHALL BE MADE as follows:

9. Plaintiff shall immediately, and in no event less than two days after issuance hereof, deliver three certified copies of this Order to the Office of the U.S. Marshals Service for the Northern District of Georgia at 75 Spring Street, SW, Room 1669, Atlanta, Georgia 30303, Telephone number 404-331-6833, with directions to serve this order on Defendants at [redacted in Proposed Order], Canton, Georgia 30115 within five days of issuance.

Dated: October ___, 2011

____________________________________

Hon. James V. Selna
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted this 29th day of September, 2011, by

s/Charles Carreon

CHARLES CARREON, ESQ. (127139)
2165 S. Avenida Planeta
Tucson, Arizona 85710
Tel: 520-841-0835
Fax: 520-843-2083
Email: chas@charlescarreon.com
Attorney for Plaintiff iCall, Inc.

PROOF OF SERVICE

I am a citizen of the United States with a business address of 2165 S. Avenida Planeta. I am over the age of 18 years, and not a party to the within action. I declare that, on the date subscribed below, I served the following document described as

[PROPOSED] ORDER GRANTING PERMANENT INJUNCTION AND IMPOUNDMENT ORDER

upon the defendant herein by the method(s) described below:

Julian Cain
[REDACTED per General Order 10-07]
Canton, GA 30115-8137

julian@junglecat.org

☑ by email to the above-referenced email address

☐ by personal delivery to the above-referenced addresses

☑ by placing the same in envelopes addressed to the above recipient, U.S. Priority Mail, with postage fully prepaid, deposited into an official mailbox located in Tucson, Arizona.

☐ by Federal Express for overnight delivery.

Executed at Tucson, Arizona, on September 29, 2011.

Digitally signed by Charles H. Carreon
DN: cn=Charles H. Carreon, o=Online Media Law, PLLC, ou=Law Firm, email=chas@charlescarreon.com, c=US
Date: 2011.09.29 17:53:33 -07'00'

CHARLES CARREON